**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VICTOR BOZZI | |
|         Plaintiff, | |
|   v. | Case No. |
| COOK COUNTY SHERIFF'S OFFICE, REBECCA REIERSON, in her individual capacity, and COOK COUNTY, as indemnitor | |
|         Defendants. | Plaintiff Demands Trial By Jury |

**COMPLAINT**

Plaintiff VICTOR BOZZI, by and through his undersigned attorneys, complains against Defendants COOK COUNTY SHERIFF'S OFFICE, REBECCA REIERSON, in her individual capacity, and COOK COUNTY, as indemnitor, and states as follows:

**NATURE OF THE ACTION**

1.     Plaintiff brings this action to redress violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* for disparate treatment (Count I); violations of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* for failure to accommodate (Count II); violations of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* for violations of confidentiality (Count III); violations of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* for retaliation and interference (Count IV); violations of the Equal Protection Clause to the United States Constitution pursuant to 42 U.S.C. § 1983 (Count V).

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 28 U.S.C. § 1343.

3.     Further, venue is proper in this judicial district in accordance with 28 U.S.C. § 1391(b) and (c), as Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

**PARTIES**

4.     Plaintiff VICTOR BOZZI ("Plaintiff" or "Bozzi") is a citizen of the United States who resides in Ogle County, Illinois.

5.     Bozzi has been employed by the Cook County Sheriff's Office since 1993.

6.     At all relevant times, Bozzi was a "qualified individual" with a disability as defined by 42 U.S.C. §12111(8) of the ADA.

7.     At all relevant times, the Cook County Sheriff's Office was a "covered entity" as defined in 42 USC § 12111(2)(A) of the ADA, and an "employer" as defined in 42 USC § 12111(5)(A) of the ADA.

8.     At all relevant times, Defendant COOK COUNTY SHERIFF'S OFFICE was run by Tom Dart as the elected position of Sheriff of Cook County, Illinois. Dart was at all relevant times hereto the final decision maker and policy maker in the Sheriff's Office.

9. Dart has the ultimate decision-making authority in terms of the Sheriff's Office's treatment of Plaintiff and others with disabilities and ADA policies.

10. Defendant REBECCA REIERSON ("Reierson") is sued in her individual capacity. Defendant Reierson at all relevant times served as the Director of Human Resources.

11. At all relevant times hereto, Defendant Reierson served in her position of at the discretion and pleasure of the Sheriff.

12. Defendant Reierson is a final policy maker and decision maker for the Sheriff's Office and with regard to her acts and conduct alleged herein as the Sheriff delegated final policy making authority to Defendant Reierson.

13. Defendant Reierson has responsibility for the ADA policies and accommodation process for the Sheriff's Office.

14. Defendant Reierson engaged directly in the discrimination and retaliation against Bozzi and participated in concert with the other Defendants to violate Bozzi's rights as alleged herein.

15. Defendant Reierson acted under color of law in the acts and omissions described herein.

16. Defendant Cook County is a unit of local government and joint employer of the Plaintiff with the Defendant Sheriff. Cook County is named only as the indemnifier of Defendants.

3

## ADMINISTRATIVE PROCEEDINGS

17.     On October 5, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on disability and retaliation. Plaintiff's charge of discrimination was cross-filed with the Illinois Department of Human Rights.

18.     On or about March 23, 2022, Plaintiff received a notice of right to sue from the EEOC on his charge.

19.     Plaintiff has timely filed this complaint within 90 days of the receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20.     Bozzi began his employment with Defendants November 16, 1993, as a Deputy Sheriff Cadet while waiting to attend the next available Training Academy class. In early January 1994, Bozzi attended and successfully completed the 400 hour Cook County Sheriff's Court Services Training Academy (Class 94-1). Bozzi graduated and was sworn in as a Deputy Sheriff assigned to the Court Services Division.

21.     Throughout his employment, Bozzi's performance has met Defendants' expectations.

22.     In approximately 1995, Bozzi was diagnosed with a panic disorder. Bozzi's panic disorder causes him to be uncomfortable in confined spaces such as elevators and crowded locations.

23.     Plaintiff is a qualified individual with a disability in that his diagnosed panic disorder is episodic and when active substantially limits major life activities such as breathing, swallowing, and sleeping.

24.     Plaintiff's doctor determined that Plaintiff's panic disorder would not interfere with any of his abilities in handling any kind of emergency situation or event, but could cause post-incident anxiety that would be more amplified in intensity and last a longer duration than for those without panic disorder.

25.     Plaintiff's doctor determined that Plaintiff's panic disorder could also cause Plaintiff to have difficulty sleeping.

26.     Defendants have been aware of Bozzi's disability since he was diagnosed and he has been working with an ADA accommodation since June 2006, after he filed his first EEOC charge.

27.     As an ADA Accommodation, Bozzi has been assigned by Defendants to work at two different security assignments and work afternoon shift hours at the Rolling Meadows Courthouse, since approximately 2009.

28.     Plaintiff's ADA Accommodations have allowed him to successfully perform his duties.

29.     Plaintiff can complete all of the essential job duties of his position.

30.     From 1994 to 2017, Plaintiff was allowed to carry a firearm.

31.     In 2017, Defendant Reierson told Plaintiff that he was not allowed to carry a firearm anymore because he has a disability, despite the fact that he had

documentation from his doctor that there was no medical reason he could not carry a firearm and he had been doing so for twenty-three years.

32.     There have never been any safety issues that have arisen with Plaintiff's ability to carry a firearm.

33.     Defendant Reierson stated that all sheriff's deputies working under ADA Accommodations would no longer be allowed to carry a firearm.

34.     The Sheriff's office has a policy and practice of not letting sworn employees with ADA Accommodations carry firearms, despite medical clearance from their doctors.

35.     In about March of 2019, Defendant Reierson called Plaintiff at work to tell him that she was now rejecting the ADA Request Packet that Plaintiff's doctor completed in October 2018.

36.     On January 8, 2020, Plaintiff received an email from Reierson stating that he needed to complete a Taleo online job profile with a job resume "to determine if there was a different position for which you were qualified that you could be moved to as a reasonable accommodation."

37.     The email included a list of positions designated by the Sheriff's Office as "CCSO – Reasonable Accommodation Work Program – DO NOT APPLY: BY INVITATION ONLY."

38. The Sheriff's Office considered its requirement to complete a Taleo online job profile with a job resume for an ADA specific civilian job position to be the totality of the interactive process.

39. Plaintiff has been working with the same ADA accommodation since 2006 and has not requested a different position.

40. Plaintiff's doctor reviewed the essential job functions list created by Defendant Reierson in 2018 and determined that Plaintiff is capable of performing all essential functions of his job.

41. On February 21, 2020, the Union complained to human resources on Plaintiff's behalf that he was being discriminated against by "being denied training, advancement, and possibly facing discharge (either constructive or actual) due to the fact that he has a qualified disability under the ADA."

42. On February 27, 2020, and March 23, 2020, Plaintiff received an email from human resources inviting him to apply for a civilian position, falsely stating that he could not perform the essential functions of his position.

43. Defendants have turned the ADA accommodation process into a sword to rid the workplace of disabled employees in violation of the ADA.

44. On May 13, 2020, Plaintiff received a call from Kimberly Pace in human resources, while he was working. She said they were working on another position for Plaintiff and wanted to discuss his skill set and interests. She told Plaintiff that they were going to reassign him in about a week or so to do something else.

7

45.    On May 29, 2020, Plaintiff complained to Superintendent Mills that he was being discriminated against and that the Sheriff's Office was trying to remove him from his sworn Deputy position.

46.    Superintendent Mills informed Plaintiff that the Sheriff's office had created new ADA only positions that were not sworn deputy positions.

47.    On June 12, 2020, Kimberly Pace called Plaintiff again at work. Plaintiff told her he did not feel comfortable discussing his disability with her while his co-workers were within hearing distance, but Ms. Pace continued to question Plaintiff about his accommodation and whether he had any computer skills.

48.    On July 14, 2020, Plaintiff received a memorandum to report to the Joliet Firearms Range on Wednesday July 22, 2020 to attend a one-day training for firearms requalification and use of force training.

49.    Later that day, Superintendent Mills informed Plaintiff's Sergeant that he and another Deputy with ADA Accommodations were not to bring their firearms to inservice training.

50.    On July 14, 2020, Plaintiff complained to Superintendent Mills that he was being discriminated against because of his disability by not being allowed to carry a firearm even though he had been cleared by his doctor and did not have any medical issues preventing him from requalifying.

51.    On July 21, 2020, Defendant Reierson sent Plaintiff an email stating, "Recruitment let me know that they contacted you to continue with the reasonable

accommodation process. Please be aware that this is next step to determine if a position can be found for you as a reasonable accommodation. They will contact you again, and in order to remain in the process it is necessary to cooperate with them regarding scheduling an interview. The assignment you currently have is not a reasonable accommodation, and is not permanent."

52.     On July 24, 2020, Plaintiff received a training memorandum that had an x marked in the box for firearms requalification and an x in the box for use of force training required.

53.     On July 28, 2020, Plaintiff received an email from Kimberly Pace in Human Resources, stating: "This is Kimberly from the Human Resources Department. I am reaching out to you in regards to placing you in a position to meet your accommodation."

54.     On August 4, 2020, Plaintiff went to inservice training. Plaintiff was instructed by the FOP Labor Union Legal Department in the evening of August 3, 2020 to bring his firearm to the inservice training the next morning, legally, unloaded and in a locked firearm case, so that he could requalify with it.

55.     Plaintiff successfully completed the inservice training and requalified with his firearm. Plaintiff shot a 97 and passed the firearms requalification.

56.     After Plaintiff received his requalification score, he was approached by Academy staff, who told him that Human Resources stated that his score would not be

counted because he has ADA accommodations. Other Deputies were within hearing distance when Plaintiff's ADA accommodations were discussed.

57.     On August 13, 2020, Defendant Reierson emailed Plaintiff and said if he did not contact her by the next day, she was going to close his case and his current job position would not be available to him after August 31, 2020.

58.     On August 13, 2020 FOP Labor Union Attorney Sander Weiner complained to Reierson via email on Plaintiff's behalf and additionally filed a Step 3 GRIEVANCE on his behalf stating: "Employer is intentionally withholding training and reasonable accommodations to all similarly situated employees by applying a blanket policy with the intent to disqualify Grievant from his current position. Policy is facially discriminatory and in violation of several provisions of the CBA as applied."

59.     On August 13, 2020, Plaintiff complained to Reierson, through his attorney, that he was being discriminated against because of his disability, or perceived disability by the Sheriff's Office threatening to remove him from his position that he has held for 14 years and can perform all the essential functions of and not engaging in a truly interactive process.

60.     On September 23, 2020, Sergeant Abruscato and Sergeant Quimque told Plaintiff that beginning on September 24, 2020, Plaintiff that could no longer wear his Deputy Sheriff uniform at work because he is working with ADA Accommodations.

61.     Sergeant Abruscato and Sergeant Quimque also told Plaintiff that beginning on September 24, 2020, he was no longer allowed to work at the front door

main entrance security screening area as he had been doing since 2006, since he could not wear his uniform.

62. The Sheriff's Office normally requires employees who are being disciplined or investigated to wear plain clothes instead of their uniform. Plaintiff is embarrassed that he cannot wear his uniform because it gives the impression that he is being disciplined or under investigation and signals to his co-workers that he has a disability.

63. On a continuing and ongoing basis, Plaintiff and other employees with ADA disabilities are prohibited from attending or participating in any inservice trainings or firearm qualifications; are prohibited from renewing his LEADS and CLEAR certifications; are not allowed to participate in a mandatory civil process training course that all other deputies were required to do; are not allowed to train for a body camera or a taser as other deputies working security assignments have been required to do; are not allowed to work any available overtime; and are not allowed to bid for work in any other lateral job positions such as street units.

64. Defendants told Plaintiff that these limitations were imposed on him by because he has been working with ADA accommodations.

65. Defendants imposed these limitations on Plaintiff based on bias and stereotypes relating to Plaintiff's disability, regarding him as more disabled than he is, rather than on any factual basis.

11

66.     Similarly situated non-disabled employees, did not have their conditions of employment changed under similar circumstances.

67.     Plaintiff was told by his superiors that if he were to return to working full duty without any ADA accommodations, the limitations imposed by Defendants would be lifted and he could then participate in the same opportunities as the other deputies working without ADA accommodations in his same job position.

68.     The limitations imposed by Defendants are with the intention and purpose of making Plaintiff less qualified for his position.

69.     Defendant intentionally, with malice and reckless indifference of Plaintiff's rights, violated the ADA by discriminating against him and refusing to accommodate his disability.

70.     The Defendant's discriminatory conduct has caused and continues to cause the Plaintiff to suffer substantial physical and mental/emotional distress and humiliation and inconvenience.

## COUNT I

### (42 U.S.C. § 12101, *et seq*. – Disparate Treatment Under the Americans With Disabilities Act v. Cook County Sheriff's Office)

71.     Plaintiff restates and realleges by reference paragraphs 1 through 70 above as though fully set forth herein.

72.     The Americans with Disabilities Act prohibits an employer from treating a qualified individual with a disability who is an employee unfavorably because he or she

has a disability, has a record of disability, and/or is perceived to have a physical impairment.

73.     Plaintiff has a disability, a record of disability, and is perceived to have a physical disability in that he has been diagnosed with a panic disorder that substantially limits one or more life activity.

74.     Plaintiff has been able to perform the essential functions of his position with an accommodation.

75.     Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

76.     The actions of Defendant Cook County Sheriff's Office as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his disability, in violation of the ADA.

77.     Defendant intentionally discriminated against Plaintiff based on his disability by denying him equal opportunities, including but not limited to: creating conditions to disqualify Plaintiff from his current position, require him to take a lower paying civilian position instead of his sworn deputy position, denying him training, singling him out by not letting him wear a uniform, preventing him from working overtime, preventing him from being able to laterally transfer to a new position, and failing to continue to accommodate Plaintiff.

78.     Defendant treated similarly situated employees who were not disabled better than Plaintiff.

79.     The actions of Defendant in intentionally discriminating against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.  Compensatory damages in an amount to be determined at trial;

B.  A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

C.  A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of the Americans with Disabilities Act;

D.  The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

E.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

F.   Such other relief as the Court may deem just or equitable.

## COUNT II

**(42 U.S.C. § 12101, *et seq.* – Failure to Accommodate Under the
Americans With Disabilities Act
v. Cook County Sheriff's Office)**

80.     Plaintiff restates and realleges by reference paragraphs 1 through 70 above as though fully set forth herein.

14

81. The Americans with Disabilities Act prohibits an employer from treating a qualified individual with a disability who is an employee unfavorably because he or she has a disability, has a record of disability, and/or is perceived to have a physical impairment.

82. The Americans with Disabilities Act also requires an employer to provide a reasonable accommodation to an employee with a disability, unless doing so would cause significant difficulty or expense.

83. As discussed above, Plaintiff has a disability, a record of disability, and is perceived to have a physical disability in that he has been diagnosed with a panic disorder that substantially limits one or more life activity.

84. Plaintiff requested and has been working with an ADA Accommodation for 14 years.

85. Plaintiff has been able to perform the essential functions of his position with an accommodation.

86. The ADA provides that it is unlawful to fail to accommodate a qualified individual with a disability where the employee is able to continue working and/or when accommodations were requested and/or were obvious in the circumstances.

87. The actions of Defendant Cook County Sheriff's Office in prohibiting Plaintiff from wearing a uniform, prohibiting Plaintiff from carrying a weapon, requiring Plaintiff to apply for a lesser paid civilian position, not allowing him to attend

training, and requiring him to work full duty without any ADA accommodations violates the ADA.

88.     Defendant acted willfully and/or with reckless indifference to Plaintiff's federally protected rights.

89.     The actions of Defendants in failing to accommodate Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.  Compensatory damages in an amount to be determined at trial;

B.  A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

C.  A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of the Americans with Disabilities Act;

D.  The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

E.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

F.   Such other relief as the Court may deem just or equitable.

<u>**COUNT III**</u>

**(42 U.S.C.  § 12101, *et seq*. – Violation of Confidentiality Under the Americans With Disabilities Act v. Cook County Sheriff's Office)**

90.     Plaintiff restates and realleges by reference paragraphs 1 through 70 above as though fully set forth herein.

91.     The Americans with Disabilities Act prohibits an employer from treating a qualified individual with a disability who is an employee unfavorably because he or she has a disability, has a record of disability, and/or is perceived to have a physical impairment.

92.     The Americans with Disabilities Act also requires an employer to keep an employee's medical condition confidential.

93.     Plaintiff has a disability, a record of disability, and is perceived to have a physical disability in that he has been diagnosed with a panic disorder that substantially limits one or more life activity.

94.     Plaintiff has been able to perform the essential functions of his position with an accommodation.

95.     The actions of Defendant Cook County Sheriff's Office as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his disability, in violation of the ADA.

96.     Defendants intentionally discriminated against Plaintiff and violated the confidentiality provisions of the ADA by discussing his disability in locations that Plaintiff's coworkers were able to hear, discussing his disability with his co-workers

17

and supervisors, refusing to allow Plaintiff to wear a uniform or carry a weapon so that he is "marked" as an employee with a disability and subjecting him to the scorn and ridicule of his coworkers.

97.     Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

98.     The actions of Defendants in intentionally violating the ADA have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.  Compensatory damages in an amount to be determined at trial;

B.  A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

C.  A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Americans with Disabilities Act;

D.  The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

E.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

F.   Such other relief as the Court may deem just or equitable.

## COUNT IV

**(42 U.S.C. § 12101, *et seq*. – Retaliation and Interference Under the**

**Americans With Disabilities Act**
**v. Cook County Sheriff's Office)**

99.     Plaintiff restates and realleges by reference paragraphs 1 through 70 above as though fully set forth herein.

100.     The Americans with Disabilities Act prohibits an employer from retaliating against an employee because he or she has a disability, has a record of disability, and/or is perceived to have a physical impairment.

101.     The Americans with Disabilities Act also requires an employer to keep an employee's medical condition confidential.

102.     Plaintiff has a disability, a record of disability, and is perceived to have a physical disability in that he has been diagnosed with a panic disorder that substantially limits one or more life activity.

103.     Plaintiff has been able to perform the essential functions of his position with an accommodation.

104.     The actions of Defendant as perpetrated by their agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of retaliating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his complaints of discrimination based on his disability, in violation of the ADA.

105.     Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

106.    Defendants have engaged in a policy, pattern, and practice of retaliating against employees who complain of discrimination.

107.    Defendants intentionally retaliated against Plaintiff because of his complaints by taking actions against Plaintiff which could dissuade a reasonable worker from making or supporting a charge of discrimination, including but not limited to: being subject to disability discrimination by refusing to let him fulfill the functions of his position by refusing to allow him to carry a gun or wear his uniform, denying him employment opportunities, denying him overtime, failing to continue to accommodate him, and denying him training.

108.    Defendant's actions interfered with Plaintiff's ability to work with accommodations as is protected by the ADA.

109.    The actions of Defendants in retaliating against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C. A permanent injunction enjoining the Defendants from engaging in the

discriminatory practices complained of herein;

D.  A permanent injunction requiring the Defendants to adopt employment practices and policies in accord and conformity with the requirements of the Americans with Disabilities Act;

E.  The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.  Such other relief as the Court may deem just or equitable.

## COUNT V

### (§ 1983 Violation of Equal Protection
### v. All Defendants)

110.    Plaintiff restates and realleges by reference paragraphs 1 through 70 above as though fully set forth herein.

111.    At all times relevant, Plaintiff is a member of a protected class as a person with a disability.

112.    At all times relevant, Defendant Reierson has acted under the color of law and authority by virtue of her position and authority with the Cook County Sheriff's Office.

113.    Defendants have deprived Plaintiff, and others with disabilities, of their rights to equal protection of the laws under the Fourteenth Amendment of the United States Constitution by subjecting them to discrimination on the basis of their protected status as persons with disabilities including prohibiting employees working with ADA

21

accommodations from attending or participating in any inservice trainings or firearm qualifications; from renewing LEADS and CLEAR certifications; not allowing participation in a mandatory civil process training course that all other deputies were required to do; not allowing training for body camera or a taser as other deputies working security assignments have been required to do; not allowing employees working with ADA accommodations to work any available overtime; and not allowing employees working with ADA accommodations to bid for work in any other lateral job positions such as street units.

114.    Defendants' violations caused Plaintiff to lose pay and benefits, be deprived of training and employment opportunities, and cause Plaintiff embarrassment, humiliation, and emotional distress.

115.    Defendant Reierson has intentionally discriminated against Plaintiff and others who have disabilities by treating them differently than similarly-situated employees without disabilities with the same job responsibilities.

116.    The Sheriff's Office is also liable to Plaintiff for violations of the Equal Protection clause because the Sheriff's office has adopted and promulgated an official policy of discriminating against employees with disabilities, and/or has created a widespread practice or custom of discriminating against employees with disabilities, and/or the discriminating decisions were made by an official with final policy making authority.

117. The Sheriff's Office has adopted and promulgated an official policy of discriminating against employees with disabilities by subjecting them to discrimination on the basis of their protected status as persons with disabilities including prohibiting employees working with ADA accommodations from attending or participating in any inservice trainings or firearm qualifications; from renewing LEADS and CLEAR certifications; not allowing participation in a mandatory civil process training course that all other deputies were required to do; not allowing training for body camera or a taser as other deputies working security assignments have been required to do; not allowing employees working with ADA accommodations to work any available overtime; and not allowing employees working with ADA accommodations to bid for work in any other lateral job positions such as street units.

118. The Sheriff's Office created a widespread practice or custom of discriminating against employees with disabilities by subjecting them to discrimination on the basis of their protected status as persons with disabilities including prohibiting employees working with ADA accommodations from attending or participating in any inservice trainings or firearm qualifications; from renewing LEADS and CLEAR certifications; not allowing participation in a mandatory civil process training course that all other deputies were required to do; not allowing training for body camera or a taser as other deputies working security assignments have been required to do; not allowing employees working with ADA accommodations to work any available

overtime; and not allowing employees working with ADA accommodations to bid for work in any other lateral job positions such as street units.

119.    The discriminating decisions discussed above, were made by Defendant Reierson at the direction of Sheriff Dart as officials with final policy making authority.

120.    Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the terms and conditions of Plaintiff's employment.

121.    The actions of Defendants against Plaintiff violate his equal protection right to be free from disability discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

122.    The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983.

123.    The actions of Defendants in intentionally engaging in and condoning discrimination against Plaintiff based on his disability caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.  Compensatory damages in an amount to be determined at trial;

B.  A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

C.  A permanent injunction requiring the Defendants adopt employment practices and policies in accord and conformity with the requirements of the

United States Constitution and pursuant to 42 U.S.C. § 1983;

D. The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

E. Punitive damages as allowed by law against Defendants;

F. An award of reasonable attorneys' fees, costs, and litigation expenses; and

G. Such other relief as the Court may deem just or equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all allegations contained in this Petition that are triable before a jury.

Respectfully submitted,

VICTOR BOZZI

*s/Heidi Karr Sleper*

_____

One of Plaintiff's Attorneys

*Electronically filed on June 21, 2022*

Heidi Karr Sleper (#6287421)
Jacob D. Exline (#6326874)
KURTZ, SLEPER & EXLINE, LLC
610 W. Roosevelt Rd., Ste A2
Wheaton, IL 60187
Phone: 630-323-9444
E-mail: hsleper@kselegal.com
E-mail: jexline@kselegal.com